Hammond v. Sessions

BIA
A037 215 537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge,*
        REENA RAGGI,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

MICHAEL NOEL ANTHONY HAMMOND,
        *Petitioner,*

        v.                      **16-3013
NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Noel Anthony Hammond, pro se.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Michael Noel Anthony Hammond, a native and citizen of Jamaica, seeks review of a July 25, 2016 decision of the BIA denying his June 2016 motion to reconsider his 2003 removal order. *In re Michael Noel Anthony Hammond,* No. A037 215 537 (B.I.A. July 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

A motion to reconsider must be filed within 30 days of the challenged order. 8 U.S.C. § 1229a(c)(6)(A)-(B); 8 C.F.R. § 1003.2(b). It is undisputed that Hammond's June 2016 motion to reconsider was untimely because his removal order became final in 2003, 13 years earlier. 8 U.S.C. § 1229a(c)(6)(B). Here, reconsideration was available only under the BIA's sua sponte authority. 8 C.F.R. § 1003.2(a). Despite this procedural posture, we retain jurisdiction to review Hammond's U.S. citizenship claim. *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010). We

2

review the derivative citizenship claim de novo, deferring to the BIA's reasonable interpretation of ambiguous provisions of the Immigration and Nationality Act ("INA"). *Brissett v. Ashcroft*, 363 F.3d 130, 133 (2d Cir. 2004); *see also Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837, 843 (1984).

In determining whether Hammond derived citizenship through his mother's naturalization, we look to the law in effect at the time Hammond claims he fulfilled the last requirement for derivative citizenship. *Bueno Gil v. Sessions*, 851 F.3d 184, 186 (2d Cir. 2017). In 1987, when Hammond's mother naturalized, the law governing derivative citizenship provided in relevant part:

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . if . . . [s]uch naturalization takes place while such child is under the age of eighteen years.

8 U.S.C. § 1432(a) (1987), *repealed by* Child Citizenship Act of 2000, Pub. L. 106–395, § 103, 114 Stat. 1631, 1632 (2000).

The only issue in this case is whether Hammond's parents were legally separated in 1987, when his mother naturalized. *See Brissett*, 363 F.3d at 132. Legal separation under § 1432(a)(3) requires more than a de facto separation between married parents: it "requires a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce) or by mandating or recognizing the separate existence of the marital parties." *Id.* at 134.

Hammond argues that his parents were legally separated under Jamaica's Matrimonial Causes Act. *See* Matrimonial Causes Act (Jamaica) (Jan. 6, 1989). As the Government argues, the Matrimonial Causes Act did not take effect until 1989, and thus it cannot provide a basis for a legal separation pre-dating Hammond's mother's naturalization in 1987 or Hammond's 18th birthday in 1988. Furthermore, Hammond has not raised a genuine issue of material fact as to whether his parents took formal action to have their separation recognized under the Act or any other Jamaican law. We thus uphold the BIA's conclusion that Hammond did

4

not meet § 1432(a)(3)'s legal separation requirement and so did not derive U.S. citizenship when his mother naturalized.

For the foregoing reasons, the petition for review is DENIED. It is further ORDERED that Hammond's motion to proceed in forma pauperis is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5